UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK EQUIPMENT COMPANY, | CASE NO. 3:21-cv-05886-DGE |
| Plaintiff, | ORDER ON MOTION FOR |
| v. | ATTORNEY FEES AND COSTS |
| CHRISTOPHER WALLS et al., | (DKT. NO. 33) |
| Defendants. | |

Presently before the Court is Plaintiff's motion for attorney fees and costs.  (Dkt. No. 33.)
For the reasons set forth below, Plaintiff's motion is GRANTED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with the factual and
procedural background summarized in prior orders.

On October 2, 2023, Plaintiff filed a motion for attorney fees and costs.  (Dkt. No. 33.)
Plaintiff seeks $22,579.50 for attorney fees incurred in pursuing its claim against Defendants for
infringement of Plaintiff's trademarks.  (*Id.* at 3.)  Plaintiff also seeks $1,186.40 in costs

associated with hiring a service to investigate Defendants' unauthorized use of Plaintiff's

trademarks in violation of the Lanham Act. (*Id.* at 6.) Plaintiff seeks a total of **$23,765.90** in

fees and costs. (*Id.*) Defendants have not responded to Plaintiff's motion.

## II.    LEGAL STANDARD

The Lanham Act gives the Court discretion to award reasonable attorney fees to a

prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "A trademark case is exceptional

where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or

willfully." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003).

A case may also be deemed "exceptional" under the Lanham Act when a defendant disregards

legal proceedings. *See Sprint Nextel Corp. v. Thuc Ngo*, Case No. C 12–02764 CW, 2014 WL

869486 at *5 (N.D. Cal. March 3, 2014) (finding the case "exceptional" when defendant did not

participate in this case prior to entry of default and continued to violate the injunction); *see also*

*Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 502 (C.D. Cal. Dec. 31,

2003) (same); *Lien v. Compusoft of Kalamazoo, Inc.*, Case No. 1:89CV-104, 1991 WL 641575,

at *5 (W.D. Mich. 1991) (defendant's "lack of cooperation and disrespect for the judicial process

constitutes exceptional circumstances warranting an award of attorney's fees to plaintiff in this

action.").

## III.    DISCUSSION

### A.  Attorney Fees

Plaintiff is the prevailing party, and Defendants' business model is predicated upon the

deliberate and unauthorized use of Plaintiff's trademarks. Defendants willfully misappropriated

Plaintiff's trademarks to provide them with a special advantage in competition with Plaintiff.

Defendants continued to use Plaintiff's trademarks without permission even after the Court

1   issued an injunction preventing them from doing so.  (Dkt. No. 32 at 4.)  Defendants' conduct

2   was unquestionably deliberate and willful.  *See e.g., T-Mobile USA, Inc. v. Terry*, 862 F. Supp.

3   2d 1121, 1135 (W.D. Wash. Apr. 12, 2012).

4          Defendants have also failed to participate in the case prior to the entry of default,

5   resulting in a default judgment and the entry of a permanent injunction.  (Dkt. No. 20.)

6   Defendants did eventually appear, but continued to violate the Court's injunction, necessitating

7   an additional order granting in part Plaintiff's motion for contempt, sanctions, and a modification

8   of the Court's injunction.  (Dkt. No. 32.)

9          The Court finds this is an "exceptional" case due to Defendants willful and deliberate

10  conduct, thereby meriting an award of attorney fees under the Lanham Act.

11         With respect to Plaintiff's fee request, the lodestar method is "the default principle for fee

12  calculation in Washington."  *See Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash.

13  1999).  Washington law presumes a properly calculated lodestar figure represents reasonable

14  compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App.

15  2000).  The lodestar method multiplies "the number of hours the prevailing party reasonably

16  expended on the litigation by a reasonable hourly rate."  *McGrath v. County of Nevada*, 67 F.3d

17  248, 252 (9th Cir.1995).

18         In support of its motion, Plaintiff submitted a declaration from Bryce A. Loken, an

19  associate at Quarles & Brady LLP, one of the law firms representing Plaintiff.  (Dkt. No. 34.)

20  The declaration outlines the hours worked by various attorneys and paralegals on this case,

21  several of whom are based in Illinois and Wisconsin.  (*Id.*)

22         The Court would normally look for evidence of hourly rates attorneys in the Seattle area

23  are charging for trademark litigation, which usually would be presented by way of a declaration

24

from an attorney experienced in the field but not part of this litigation.  *See e.g., United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Nevertheless, Defendants have not put forth any evidence challenging the reasonableness of the hourly rates or the number of hours worked in this case.  The Court finds nothing inherently unreasonable in the rates set forth in Plaintiff's declaration, and the hours worked on this case appear to be reasonable.

**B.  Costs**

"Reasonable out-of-pocket expenses normally charged to a client may be recoverable as attorney fees even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client."  *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 440–441 (C.D. Cal. Sept. 28, 2012).  "[T]he prevailing party in a trademark infringement case can recover reasonable investigation fees, even if charged by a private investigator … [c]ourts, in fact, routinely award such costs."  *SAS v. Sawabeh Information Services Co.*, Case No. CV 11–04147 MMM (MANx), 2015 WL 12763541 at *35 (C.D. Cal. June 22, 2015) (collecting cases).

Accordingly, the Court finds Plaintiff may recover costs associated with hiring a service to investigate Defendants' trademark infringement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

### IV.    ORDER

Plaintiff's motion for attorney fees and costs (Dkt. No. 33) is GRANTED.  Plaintiff is awarded $22,579.50 in attorney fees and $1,186.40 in costs.

Dated this 28th day of February, 2024.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR ATTORNEY FEES AND COSTS (DKT. NO. 33) - 5