1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK EQUIPMENT COMPANY, | CASE NO. 3:21-cv-05886-DGE |
| Plaintiff, | ORDER ON RENEWED MOTION |
| v. | FOR CONTEMPT (DKT. NO. 36) |
| CHRISTOPHER WALLS, | |
| Defendant. | |

## I    INTRODUCTION

This matter comes before the Court on Plaintiff Clark Equipment Company's ("Clark") renewed motion for contempt.  (Dkt. No. 36.)  Defendants Christopher Walls and Bobcat Rentals, Co. did not respond.[1]  For the reasons set forth below, the Court GRANTS in part and DENIES in part the motion.

---

[1] Defendant registered to electronically file and receive electronic service in this case.  He was directed to enter his appearance in accordance with LCR 83.2, but never did.  (Dkt. No. 27.)

1

## II    BACKGROUND

2

In the interest of judicial economy, the Court assumes familiarity with the factual and

3

procedural background summarized in prior orders.  (*See* Dkt. Nos. 20 at 2–3; 25 at 1–2.)

4

Most recently, this Court granted in part Plaintiff's motion for contempt, finding

5

Defendants failed to cease use of Clark's BOBCAT Marks (the "Marks"), as well as terms,

6

names, symbols, or devices that imitate the Marks in violation of this Court's injunction.  (Dkt.

7

No. 32 at 4.)  The Court found Defendants flagrantly violated its prior order through their

8

continued use of signs and decals and the republication of their website.  (*Id.*)  The Court

9

imposed a per diem fine of $500 for each day of noncompliance with the Court's July 29, 2022

10

order, beginning to accrue October 2, 2023.  (*Id.* at 5.)

11

Five months later, Plaintiff now returns with additional evidence that Defendants

12

continue to violate the injunction.  Per Defendants' https://bobcatrentalco.com/ website, the

13

relevant business moved and is now located at 1909 S. 54th. Street, Tacoma, Washington 98409.

14

(Dkt. Nos. 36 at 7, 38 at 1.)  On November 3, 2023, Plaintiff sent Defendants a letter concerning

15

the continued failure to comply with the injunction and this Court's September 18, 2023

16

contempt order.  (Dkt. No. 37-1.)  Walls responded via email stating, "I wasn't aware of the

17

court's recent activities and order adverse to me until brought to my attention by you.  It will not

18

be necessary to take this any further.  I will immediately undertake steps to comply with the

19

court's order."  (Dkt. No. 37-2 at 1.)

20

In December, Plaintiff hired the same private investigators to determine whether

21

Defendants had ceased use of the Marks.  (*See* Dkt. No. 38.)  Instead, the investigators found

22

numerous blatant violations, including several signs on the exterior fencing of the location with

23

the business name "Bobcat Rentals Co." along with the BOBCAT logo and black, white, and

24

1   orange color combination; a sidewalk sign advertising "Toe Dolly Rental" that also contained the

2   name "Bobcat Rentals Co." with the BOBCAT logo and black, white, and orange color

3   combination; and a decal with the Bobcat Rentals logo affixed to machinery.  (Dkt. Nos. 38 at 1–

4   2, 38-1, 38-2, 38-3, 38-4, 38-5, 38-6, 38-7.)

5         And, as of January 26, 2024, Defendants continue to use the Marks on their website, and

6   even updated the website since past motions.  (Dkt. No. 36 at 10–11; 1-3 at 7; 37-4 at 2.)

7   Plaintiff also discovered a companion website, located at https://gettruckrentals.com/, which is

8   affiliated with Defendants and makes use of the Marks.  (Dkt. No. 37-5.)  This companion

9   website states: "Separated for Marketing Purposes Truck Rentals Co. and Sister Company,

10   Bobcat Rentals Co. (bobcatrentalco.com), Share the Same Ownership."  (*Id.* at 3.)

11         Plaintiff requests this Court find Defendants remain in contempt and order Defendants to

12   pay the $500 per diem fine starting from October 3, 2023 to present; issue an Order of Seizure

13   directing the seizure and destruction of signage and goods bearing the Marks; impose any other

14   sanctions; and enter an order requiring Defendants pay Plaintiff's attorney fees and expenses

15   incurred in investigating and prosecuting the continued contempt.  (Dkt. No. 36 at 17.)

16                       **III**         **DISCUSSION**

17   **A.  Contempt & per diem fine**

18         Plaintiff asks the Court to find Defendants in contempt for failure to comply with this

19   Court's September 18, 2023, contempt order.  (Dkt. No. 36 at 2.)  Plaintiff therefore must

20   "show[] by clear and convincing evidence that [Defendants] violated a specific and definite order

21   of the court."  *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (internal citation

22   and quotation omitted).  Defendants may avoid contempt by demonstrating an inability to

23   comply with the order, *id.*, or substantial compliance with the order, *Balla v. Idaho State Bd. of*

24

*Corrections*, 869 F.2d 461, 466 (9th Cir. 1989).  "[W]here . . . the affidavits offered in support of a finding of civil contempt are uncontroverted," a district court need not hold an evidentiary hearing on the matter.  *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998).

Without a response from Defendants, no hearing is necessary.  The Court finds Defendants remain in contempt.  Plaintiff's declarations and associated exhibits demonstrate Walls and his company continue to violate the specific and definite order as outlined both in the original permanent injunction and as modified to include online activities in this Court's September 18, 2023 contempt order.  (Dkt. Nos. 20 at 10–11; 32 at 5.)

Because Defendants continue to remain in contempt of this Court's orders, Defendants are ordered to pay the per diem fine from October 3, 2023 until the date of Plaintiff's motion, March 1, 2024.  At $500 per day for this period of 150 days, Defendants are hereby ORDERED to pay $75,000.  Defendants will continue to be subject to the per diem fine should they remain in contempt of this Court's orders.

**B.  Seizure**

Congress authorized the issuance of civil seizure orders under 15 U.S.C. § 1116(d) to permit trademark plaintiffs "to preserve the evidence necessary to bring trademark counterfeiters to justice."  *In re Lorillard Tobacco Co.*, 370 F.3d 982, 987 (9th Cir. 2004).  The statute is available in civil actions involving the use of a counterfeit mark.  15 U.S.C. § 1116(d)(1)(A).  Under the statute, a court may, upon application, issue an *ex parte* seizure order "providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation."  *Id.*  The statute requires, among other things, that the United States Attorney in the district where the order is sought be notified, § 1116(d)(2), and that the application be based on

1    an affidavit or similar sworn document.  § 1116(d)(3)(A).  Furthermore, a party seeking a seizure

2    order must post a bond against claims of wrongful seizure, and the court must hold a hearing

3    promptly after the *ex parte* seizure order issues.  §§ 1116(d)(4)(A), (d)(10)(A).

4          An application for a civil seizure order may not be granted unless the court finds that it

5    clearly appears from specific facts that: (1) "an order other than an *ex parte* seizure order is not

6    adequate to achieve the purposes of [15 U.S.C. § 1114]"; (2) "the applicant has not publicized

7    the requested seizure"; (3) "the applicant is likely to succeed in showing that the person against

8    whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for

9    sale, or distribution of goods or services"; (4) "an immediate and irreparable injury will occur if

10   such seizure is not ordered"; (5) "the matter to be seized will be located at the place identified in

11   the application"; (6) "the harm to the applicant of denying the application outweighs the harm to

12   the legitimate interests of the person against whom seizure would be ordered of granting the

13   application"; and (7) "the person against whom seizure would be ordered, or persons acting in

14   concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible

15   to the court, if the applicant were to proceed on notice to such person." 15 U.S.C.

16   § 1116(d)(4)(B).

17         Although the Court is certain many of these elements are satisfied, (7) is fatal to

18   Plaintiff's request.[2]  Plaintiff has not made a sufficient showing that Defendants would destroy

19   the evidence sought to seized if they were given notice of the seizure order.  The only evidence is

20   a conclusory statement in Plaintiff's motion: "[a]bsent *ex parte* seizure[,] Defendants have

21   _____

22   [2] For example, Subsections (3), (4), and (6) largely overlap with the requirements for issuing an
     injunction and have already been satisfied and addressed in this Court's prior order granting
     permanent injunctive relief.  (Dkt. No. 20 at 8–9.)  Plaintiff assures (2) and (5) are satisfied by
23   identifying the location and not publicizing the seizure.  (Dkt. No. 36 at 14.)

24

1    demonstrated they will do everything in their power to avoid this Court's judgment, including[,]

2    if necessary[,] moving or hiding the infringing materials."  (Dkt. No. 36 at 14.)

3            Plaintiff fails to adduce any evidence suggesting that Defendants would destroy or

4    otherwise dispose of relevant evidence if given notice.  Other courts confronting similar

5    circumstances agree an attorney's conclusory assertion about the general propensity of

6    counterfeiters to destroy counterfeit products does not constitute "*specific facts*" that "clearly"

7    demonstrate defendants would destroy evidence if given notice of a seizure order as required

8    by § 1116(4)(B).  *See Esquire Properties Trading, Inc. v. Starmax Enterprises, Inc.*, No. CV 14-

9    09379-MMM AJWx, 2014 WL 12479298, at *11 (C.D. Cal. Dec. 8, 2014) (collecting cases).

10   Although Defendants appear to continuously violate this Court's orders, nothing about those

11   violations suggest Defendants would hide or destroy evidence if given notice of seizure.

12   Plaintiff's request for seizure must therefore be denied.

13           In the alternative, Plaintiff requests the Court appoint a receiver to carry out the Court's

14   orders and ensure the materials bearing Defendants' infringing use of the BOBCAT Marks are

15   seized and/or destroyed.  (Dkt. No. 36 at 16.)  Federal Rule of Civil Procedure 70 states:

16           If a judgment requires a party to . . . perform any other specific act and the party
             fails to comply within the time specified, the court may order the act to be done—
17           at the disobedient party's expense—by another person appointed by the court.
             When done, the act has the same effect as if done by the party.

18   Fed. R. Civ. P. 70(a).

19           Plaintiff cites *Cluck-U Corp. v. C.U.C. of Columbus, Inc.*, as an example of a court-

20   appointed receiver ordered to enforce provisions of a permanent injunction.  No. 2:07-CV-816,

21   2011 WL 2682523 (S.D. Ohio July 11, 2011), *report and recommendation adopted*, No. 2:07-CV-

22   816, 2011 WL 3473353 (S.D. Ohio Aug. 9, 2011).  In that case, the court's injunction expressly

23   required infringing defendants "to deliver within thirty (30) days 'all packaging, signs, menus,

24

1    advertising or other uses of [plaintiff's] trade secrets, including recipes, manuals, and lists for

2    destruction." *Id.* at *1. "Rule 70 authorizes the appointment of a receiver only to enforce an order

3    requiring a party to perform [a] specific act." *Id.* at *4 (quotation marks omitted).

4            This injunction contains no such provision.  And, Plaintiff does not provide, nor is this

5    Court able to locate, a case in which a Court appointed a receiver under Rule 70(a) to physically

6    enter the property of another to take infringing material.  The receiver in *Cluck-U* was "limited to

7    the enforcement of" the above provision, which required defendant to deliver to plaintiff's attorney

8    the infringing materials; the receiver was not ordered to enter defendant's property and remove

9    materials.  *Id.*  Nor does this Court's injunction contain a provision requiring Defendants to

10   produce or turn over their infringing material.  Plaintiff's request is therefore DENIED.

11           **C.  Attorney fees**

12           Lastly, Plaintiff requests attorney fees associated with the investigation of Defendants'

13   continued contempt and the preparation of this motion.  An award of attorney fees for civil

14   contempt is within the discretion of the district court.  *Harcourt Brace Jovanovich Legal & Pro.*

15   *Publications, Inc. v. Multistate Legal Stud., Inc.,* 26 F.3d 948, 953 (9th Cir. 1994).  This Court

16   previously found awarding attorney fees and costs due to Defendants' willful and deliberate

17   conduct.  (Dkt. No. 35 at 3.)  In support of that prior motion for fees and costs, Plaintiff

18   submitted a declaration outlining the hours worked by various attorneys and paralegals and their

19   associated rates.  (*Id.*)  In this instance, Plaintiff did not submit any rates or hours associated with

20   the preparation of this motion for this Court's review.

21           Based on Defendants' continued contempt, the Court will award attorney fees and costs.

22   Plaintiff is instructed to submit supplemental briefing outlining its proposed rates, hours, and

23

24

costs associated with hiring a service to investigate Defendants' continued infringement.  Once those fees and costs are identified, the Court will evaluate their reasonableness.

### IV     CONCLUSION

Accordingly, and having considered Plaintiff's motion and the remainder of the record, the Court finds and ORDERS that Plaintiff's Renewed Motion for Contempt and Sanctions (Dkt. No. 36) is GRANTED in part and DENIED in part.

1. Plaintiff's motion for contempt is GRANTED.  Defendants are ORDERED to pay $75,000 per diem costs for continued violations of this Court's previous order (Dkt. No. 20);

2. Plaintiff's request for an Order of Seizure is DENIED;

3. Plaintiff's request that this Court appoint a receiver is DENIED;

4. Plaintiff's request for attorney fees and costs is GRANTED;

5. Plaintiff is instructed to file supplemental briefing on or before June 30, 2024 outlining the fees and costs it wishes to recover.

DATED this 20th day of June 2024.

David G. Estudillo
United States District Judge