UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK EQUIPMENT COMPANY,<br><br>                    Plaintiff,<br>          v.<br><br>CHRISTOPHER WALLS,<br><br>                    Defendant. | CASE NO. 3:21-cv-05886-DGE<br><br>ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNY FEES AND COSTS (DKT. NO. 41) |

**I      INTRODUCTION**

This matter comes before the Court on Plaintiff Clark Equipment Company's ("Clark") Supplemental Motion for Attorney Fees and Costs (Dkt. No. 41.) Defendants Christopher Walls and Bobcat Rentals, Co. did not respond.[1]  For the reasons set forth below, the Court GRANTS the motion.

---

[1] Defendant registered to electronically file and receive electronic service in this case.  He was directed to enter his appearance in accordance with LCR 83.2, but never did. (Dkt. No. 27.)

ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNY FEES AND COSTS (DKT. NO. 41) - 1

## II    BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with the factual and procedural background summarized in prior orders. (*See* Dkt. Nos. 20 at 2–3; 25 at 1–2.)

On June 20, 2024, the Court found Defendants remain in contempt and ordered Defendants to pay $75,000 in contempt fines as a compensatory payment to Clark. (Dkt. Nos. 39 at 4; 40). The Court also awarded Clark its attorney fees and costs, and further instructed Plaintiff to file supplemental briefing describing the fees and costs it incurred in investigating and prosecuting its renewed motion for contempt and sanctions. (Dkt. 39 at 7–8). Plaintiff filed this motion on June 28, 2024. (Dkt. No. 41).

## III    DISCUSSION

### A. Legal Standard

The Lanham Act gives the Court discretion to award reasonable attorney fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). This Court previously analyzed the issue and found this to be an "exceptional case" under the Lanham Act due to defendants' willful and deliberate conduct, thereby meriting an award of attorney fees. (Dkt. No. 35 at 3.)

With respect to Plaintiff's fee request, the lodestar method is "the default principle for fee calculation in Washington." *See Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash. 1999). Washington law presumes a properly calculated lodestar figure represents reasonable compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App. 2000). The lodestar method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).

**B.  Attorney fees**

Plaintiff claims $26,883.00 in attorney fees incurred in the course of investigating and prosecuting Defendants' continued contempt.  (Dkt. No. 41 at 3.)  In support of its motion, Plaintiff submitted a declaration from Bryce A. Loken, an associate at Quarles & Brady LLP, one of the law firms representing Plaintiff.  (Dkt. No. 42.)  The declaration outlines the hours worked by various attorneys and paralegals on this case, several of whom are based in Illinois and Wisconsin.  (*Id.*)  The Court would normally look for evidence of hourly rates attorneys in the Seattle area are charging for trademark litigation, which usually would be presented by way of a declaration from an attorney experienced in the field but not part of this litigation.  *See e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Again, Defendants have failed to put forth any evidence challenging the reasonableness of the hourly rates or the number of hours worked in this case.  The rates provided have not changed substantially since this Court previously found them to be reasonable, and the hours worked on this case appear to be reasonable.  (*See* Dkt. Nos. 42 at 2; 42-1; 35 at 4.)

**C.  Costs**

"Reasonable out-of-pocket expenses normally charged to a client may be recoverable as attorney fees even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client."  *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 440–441 (C.D. Cal. Sept. 28, 2012).  "[T]he prevailing party in a trademark infringement case can recover reasonable investigation fees, even if charged by a private

ORDER GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNY FEES AND COSTS (DKT. NO. 41) - 3

investigator . . . [c]ourts, in fact, routinely award such costs." *SAS v. Sawabeh Information Services Co.*, Case No. CV 11–04147 MMM (MANx), 2015 WL 12763541 at *35 (C.D. Cal. June 22, 2015) (collecting cases).

Clark submits $2,020.00 in costs associated with investigating and prosecuting Defendants' continued contempt. (Dkt. No. 41 at 6.) These are the costs associated with hiring Marksmen Brand Protection Services to investigate and report on Defendants' continued unauthorized use of the marks since the Court's contempt order. (*Id.*) Upon review of the invoices and the previous motion for contempt, these costs appear necessary to the continued litigation of Defendants' contempt and thus recoverable under the above case law. The Court finds them to be reasonable.

## IV   CONCLUSION

Plaintiff's motion for supplemental attorney fees and costs (Dkt. No. 41) is GRANTED. Plaintiff is awarded $26,883.00 in attorney fees and $2,020.00 in costs.

DATED this 2nd day of August 2024.

David G. Estudillo
United States District Judge