UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK EQUIPMENT COMPANY, | CASE NO. 3:21-cv-05886-DGE |
| Plaintiff, | ORDER ON MOTION FOR ENTRY OF WRIT OF EXECUTION (DKT. NO. 44) |
| v. | |
| CHRISTOPHER WALLS, | |
| Defendant. | |

## I    INTRODUCTION

This matter comes before the Court on Plaintiff's motion for entry of writ of execution pursuant to Federal Rule of Civil Procedure 69(a)(1).  (Dkt. No. 44.)  Defendant has not responded.  For the foregoing reasons, the Court GRANTS Plaintiff's motion.

## II    BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with the factual background summarized in prior orders and provides only a brief overview of the procedural history.  (*See* Dkt. Nos. 20 at 2–3; 25 at 1–2.)

On December 3, 2021, Plaintiff Clark Equipment Company, doing business as Bobcat Company, filed its Complaint against Defendant Bobcat Rentals Co. and its owner Christopher Walls for various trademark infringement claims alleging Bobcat Rentals was using Bobcat Company's BOBCAT trademarks without Bobcat Company's permission. (Dkt. No. 1 at 1, 7.) Defendants failed to make an appearance. On April 18, 2022, the Court granted Plaintiff's motion for default against both Defendants. (Dkt. No. 16.) On July 29, 2022, the Court granted Plaintiff's motion for default judgment and permanently enjoined Defendants. (Dkt. No. 20.)[1] On February 17, 2023, after Defendants failed to comply with the Court's permanent injunction, Plaintiff filed a motion for contempt, sanctions, and a modification of the Court's permanent injunction. (Dkt. No. 23.) On September 18, 2023, the Court granted Plaintiff's motion for contempt and imposed a per diem fine of $500 for each day of Defendants' noncompliance starting on October 3, 2023. (Dkt. 32, at 5.) The Court also directed Plaintiff to submit briefing on its requests for attorney fees and costs. (Dkt. No. 33.) The Court granted Plaintiff's Motion for Attorney Fees and Costs on February 28, 2024, in the amount of $23,765.90—$22,579.50 in attorney fees and $1,186.40 in costs. (Dkt. No. 35 at 5.)

On March 1, 2024, Bobcat Company renewed its motion for contempt and sanctions in response to Defendants' continued infringement. (Dkt. No. 36 at 2, 7–11.) On June 20, 2024,

---

[1] The Court granted Plaintiff's motion for a permanent injunction as follows: "Defendants, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them are enjoined from: (i) any use of the BOBCAT Marks; (ii) any use of any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation of, the BOBCAT Marks; (iii) any offering, selling, or providing of any services in connection with the BOBCAT Marks or any word, term, name, symbol, or device (or any combination therefore) that is identical or confusingly similar to, or a colorable imitation of, the BOBCAT Marks; and (iv) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iii) above." (Dkt. No. 20 at 10–11.)

ORDER ON MOTION FOR ENTRY OF WRIT OF EXECUTION (DKT. NO. 44) - 2

1  the Court found Defendants remained in contempt and ordered Defendants to pay $75,000 in

2  contempt fines as a compensatory payment to Clark.  (Dkt. Nos. 39 at 4; 40.)  The Court also

3  awarded Clark attorney fees and costs, and further instructed Plaintiff to file supplemental

4  briefing describing the fees and costs it incurred in investigating and prosecuting its renewed

5  motion for contempt and sanctions.  (Dkt. No. 39 at 7–8.)  On August 2, 2024, the Court granted

6  Plaintiff's motion for supplemental attorney fees and costs, awarding Plaintiff $26,883.00 in

7  attorney fees and $2,020.00 in costs.  (Dkt. No. 43 at 4.)

8      Plaintiff filed the instant motion for a writ of execution on October 1, 2024.  (Dkt. No.

9  44.)  At the time of filing, Plaintiff stated that Defendant owed a total of $127,688.90, which

10  reflected the $75,000 court-imposed sanction; $49,462.50 in attorney fees; and $3,206.40 in

11  costs.  (*Id*. at 4.)  Plaintiff seeks a writ "directing and authorizing the United States Marshal to

12  seize and take into possession and execution the personal property of Defendants sufficient to

13  execution and to satisfy the judgments and costs entered against Defendants totaling $127,668.90

14  and make sale thereof in accordance with the law."  (Dkt. Nos. 44 at 1.)  The writ states that

15  personal property sufficient to satisfy the judgment "may include, but is not limited to, Bobcat

16  machines, dump trucks, and scissor lifts."  (Dkt. No. 44-2 at 2.)  It further specifies that sale of

17  the personal property should be scheduled far enough in advance to comply with notice of sale

18  requirements under Washington law—no earlier than four weeks after the Court issues the writ.

19  (*Id*.)

20                    **III    DISCUSSION**

21  **A.  Legal Standard**

22      Federal Rule 69(a) establishes that "[a] money judgment is enforced by a writ of

23  execution."  Fed. R. Civ. P. (69)(a)(1).  "The procedure on execution—and in proceedings

24

ORDER ON MOTION FOR ENTRY OF WRIT OF EXECUTION (DKT. NO. 44) - 3

supplementary to and in aid of judgment or execution—must accord with the procedure of the

state where the court is located, but a federal statute governs to the extent it applies." *Id.*

Accordingly, the Court looks to Washington law, which "generally allows money judgments to

be enforced by execution." *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 996 (9th Cir.

2014). Specifically, Washington Revised Code § 6.17.090 provides that "[a]ll property, real and

personal, of the judgment debtor that is not exempted by law is liable to execution." The Ninth

Circuit has established that "[t]he necessary predicate for application of Federal Rule 69 is a

judgment in the federal district court in which execution is sought." *Labertew v. Langemeier*,

846 F.3d 1028, 1033 (9th Cir. 2017). "[T]he United States Marshals Service shall execute all

lawful writs, process, and orders issued under the authority of the United States, and shall

command all necessary assistance to execute its duties." 28 U.S.C. § 566.[2]

Washington law provides that a party in whose favor judgment has been rendered may

obtain execution "at any time within 10 years from entry of the judgment." Wash. Rev. Code §

6.17.020(1). The writ of execution must "intelligibly refer to the judgment, stating the court, the

county where the judgment was rendered, the names of the parties, the amount of the judgment if

it be for money, and the amount actually due thereon." Wash. Rev. Code § 6.17.110(1). Before

a writ of execution can be delivered, "the amount of the judgment, or damages and costs, and the

fees due to each person separately shall be entered in the docket and on the back of the

execution." Wash. Rev. Code § 6.17.110(2). If the writ of execution is against the property of

the judgment debtor, "it shall require the officer to satisfy the judgment out of the personal

---

[2] 28 U.S.C. § 566 preempts Washington procedure, which provides that writs of execution are
carried out by the Sheriff. *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution . . . must
accord with the procedure of the state where the court is located, but a federal statute governs to
the extent it applies.").

ORDER ON MOTION FOR ENTRY OF WRIT OF EXECUTION (DKT. NO. 44) - 4

property of the debtor unless an affidavit has been filed with the court[.]"  Wash. Rev. Code § 6.17.110(3)(a).  The writ must "particularly describe the property and state its value and require the officer to deliver possession of it to the party entitled thereto[.]"  Wash. Rev. Code § 6.17.110(3)(c).  If a writ names "the tools, instruments, materials, and supplies used to carry on [an individual's] trade," Washington law provides for an exemption "not to exceed $15,000 in value"—meaning that at most $15,000 worth of trade tools may be claimed as exempt from execution of the judgment.  Wash. Rev. Code § 6.15.010(3)(1)(e); *see also* Wash. Rev. Code § 6.17.130 (noting the judgement debtor's right to exempt property).

**B.  Analysis**

"The necessary predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought."  *Corder v. Brown*, 25 F.3d 833, 838 (9th Cir. 1994).  Here, Plaintiff seeks to enforce the Court's orders granting Plaintiff's motions for attorney fees and costs (Dkt. Nos. 35, 43) and its judgment order imposing compensatory payment of $75,000 (Dkt. No. 40).  Under Federal Rule 58(a)(3), "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion [] for attorney[] fees under Rule 54."  *See also Corder* 25 F.3d at 838 ("[O]nce an award is determined, it becomes a judgment.").  Accordingly, the Court's orders granting Plaintiff's motions for attorney fees and costs were recorded as judgments for the purposes of Rule 69 and Washington Revised Code § 6.17.110.  Furthermore, Defendant has properly appended the judgments to the "back of the execution" pursuant to Washington Revised Code § 6.17.110.  Finally, the information included in the writ comports with Washington law.  *See* Wash. Rev. Code. § 6.17.110(1).  The writ states that no real property may be used the satisfy the judgment; thus, no affidavit is required.  *See* Wash. Rev. Code § 6.17.110(3)(a).

1

2
**IV    CONCLUSION**

3
Accordingly, Plaintiff's motion for entry of writ of execution (Dkt. No. 44) is

4
GRANTED.  The Clerk is DIRECTED to issue the writ as proposed (Dkt. No. 44-2).

5

6
Dated this 13th day of November, 2024.

7

8


9

10
David G. Estudillo
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24