UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK EQUIPMENT COMPANY,<br><br>           Plaintiff,<br>     v.<br><br>CHRISTOPHER WALLS,<br><br>           Defendant. | CASE NO. 3:21-cv-05886-DGE<br><br>ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) |

**I      INTRODUCTION**

This matter comes before the Court on Plaintiff's motion requesting that the Court find Defendant in contempt; issue an updated judgment order; and enter an updated writ of execution pursuant to Federal Rule of Civil Procedure 69(a)(1). (Dkt. No. 48 at 1.) Defendant has not responded. For the foregoing reasons, the Court GRANTS Plaintiff's motion.

## II    BACKGROUND

The Court assumes familiarity with the factual background summarized in prior orders and provides only a brief overview of the procedural history.  (*See* Dkt. Nos. 20 at 2–3; 25 at 1–2, 46 at 1-3.)

On December 3, 2021, Plaintiff Clark Equipment Company, doing business as Bobcat Company, filed its Complaint against Defendant Bobcat Rentals Co. and its owner Christopher Walls for various trademark infringement claims alleging Bobcat Rentals was using Bobcat Company's BOBCAT trademarks without Bobcat Company's permission. (Dkt. No. 1 at 1, 7.) Defendants failed to make an appearance.  On April 18, 2022, the Court granted Plaintiff's motion for default against both Defendants. (Dkt. No. 16.)  On July 29, 2022, the Court granted Plaintiff's motion for default judgment and permanently enjoined Defendants.  (Dkt. No. 20.)[1] On February 17, 2023, after Defendants failed to comply with the Court's permanent injunction, Plaintiff filed a motion for contempt, sanctions, and a modification of the Court's permanent injunction.  (Dkt. No. 23.)  On September 18, 2023, the Court granted Plaintiff's motion for contempt and imposed a per diem fine of $500 for each day of Defendants' noncompliance starting on October 3, 2023.  (Dkt. No. 32 at 5.)  The Court also directed Plaintiff to submit briefing on its requests for attorney fees and costs.  (Dkt. No. 33.)  The Court granted Plaintiff's

---

[1] The Court granted Plaintiff's motion for a permanent injunction as follows: "Defendants, their officers, agents, representatives, employees, successors, and assigns, and all others in active concert or participation with them are enjoined from: (i) any use of the BOBCAT Marks; (ii) any use of any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation of, the BOBCAT Marks; (iii) any offering, selling, or providing of any services in connection with the BOBCAT Marks or any word, term, name, symbol, or device (or any combination therefore) that is identical or confusingly similar to, or a colorable imitation of, the BOBCAT Marks; and (iv) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iii) above."  (Dkt. No. 20 at 10–11.)

Motion for Attorney Fees and Costs on February 28, 2024, in the amount of $23,765.90—$22,579.50 in attorney fees and $1,186.40 in costs. (Dkt. No. 35 at 5.)

On March 1, 2024, Bobcat Company renewed its motion for contempt and sanctions in response to Defendants' continued infringement. (Dkt. No. 36 at 2, 7–11.) On June 20, 2024, the Court found Defendants remained in contempt and ordered Defendants to pay $75,000—the total per diem fine for Defendant's contempt from October 3, 2023, until March 1, 2024. (Dkt. No. 39 at 4). The Court also awarded Clark attorney fees and costs, and further instructed Plaintiff to file supplemental briefing describing the fees and costs it incurred in investigating and prosecuting its renewed motion for contempt and sanctions. (Dkt. No. 39 at 7–8.) On August 2, 2024, the Court granted Plaintiff's motion for supplemental attorney fees and costs, awarding Plaintiff $26,883.00 in attorney fees and $2,020.00 in costs. (Dkt. No. 43 at 4.)

Plaintiff first moved for a writ of execution on October 1, 2024. (Dkt. No. 44.) At the time of filing, Plaintiff stated that Defendant owed a total of $127,688.90, which reflected the $75,000 per diem fine for Defendant's contempt from October 3, 2023, until March 1, 2024 (*see* Dkt. No. 39 at 4); $49,462.50 in attorney fees; and $3,206.40 in costs. (*Id*. at 4.) On November 13, 2024, the Court granted Plaintiff's first motion for entry of writ of execution "directing and authorizing the United States Marshal to seize and take into possession and execution the personal property of Defendants sufficient to execution and to satisfy the judgments and costs entered against Defendants totaling $127,668.90 and make sale thereof in accordance with the law." (*Id*. at 3.)

However, Plaintiff asserts the first writ did not include $125,000 in per diem fees that Plaintiff is entitled to for Defendants' infringement from March 2, 2024, to November 6, 2024. (*See* Dkt. No 48 at 1.) This accounts for the period of time that elapsed between Plaintiff's

ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) - 3

March 2, 2024, motion for contempt—and the Court's corresponding entry of judgment (Dkt. No. 40)—and the day Defendant ceased infringing.[2] Thus, Plaintiff requests that the Court find Defendants in contempt, issue an updated judgment reflecting Defendants' continued infringement from March 2, 2024 to November 6, 2024, and grant an updated writ of execution for the total amount Plaintiff is owed. (Dkt. No. 48 at 7–10.)[3] This amount is $252,668.90, a sum that reflects the $75,000 per diem fine accounting for the period from October 3, 2023, until March 1, 2024; $49,462.50 in attorneys' fees; $3,206.40 in costs; and $125,000 for Defendants continued infringement from March 2, 2024 to November 6, 2024. (*Id*. at 10.) In this way, the writ sought is identical to the writ the Court previously entered with the addition of $125,000 in per diem fees. (*See* Dkt. No. 46 at 3.)

### III    DISCUSSION

**A. Contempt and Judgment Order**

On September 18, 2023, the Court imposed a per diem fine of $500 for each day of Defendants' noncompliance with the Court's orders starting on October 3, 2023. (Dkt. No. 32 at 5.) On June 20, 2024, the Court found Defendant in contempt and ordered Defendant pay $75,000 to Plaintiff. (Dkt. No. 39 at 4.) This reflected "the per diem fine from October 3, 2023,

---

[2] On November 7, 2024, Defendant—who has never made an appearance in this matter—notified Plaintiff's lawyer by email that he had: removed use of the BOBCAT Mark from his websites; changed his websites to cease use of the infringing domains; removed use of the BOBCAT Mark from the Google business listing; and removed use of the BOBCAT Mark on his machinery and signage. (Dkt. No. 49-3 at 2.) Accordingly, Plaintiff's lawyer declares that Defendant's websites complied with the Court's order beginning on November 7, 2024. (Dkt. No. 49 at 2.)

[3] Plaintiff states: "Defendants continued to use the BOBCAT Marks in a fashion identical to Defendants' use, including on Defendants' signage, website, and on heavy machinery, from March 2, 2024 until November 6, 2024. Accordingly, Plaintiff requests that this Court find Defendants in continued contempt, levy the $500 per diem fine for the 250-day period of Defendants' continued infringement pursuant to this Court's September 18 Order (Dkt. 32) and update the Judgment (Dkt. 40) to reflect the full amount owed by Defendants – $252,668.90." (Dkt. No. 48 at 10.)

ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) - 4

until the date of Plaintiff's motion, March 1, 2024." (*Id.*)  It is undisputed that Defendant continued to infringe, remaining in contempt of this Court's orders, from March 2, 2024, to November 6, 2024.  Accordingly, Defendant is hereby ORDERED to pay $125,000—the per diem fine of $500 per day for this period of 250 days.  A judgment order will be entered accordingly.

**B.  Writ of Execution**

  1.  Legal Standard

Federal Rule 69(a) establishes that "[a] money judgment is enforced by a writ of execution." Fed. R. Civ. P. (69)(a)(1).  "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*.  Accordingly, the Court looks to Washington law, which "generally allows money judgments to be enforced by execution." *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 996 (9th Cir. 2014).  Specifically, Washington Revised Code § 6.17.090 provides that "[a]ll property, real and personal, of the judgment debtor that is not exempted by law is liable to execution."  The Ninth Circuit has established that "[t]he necessary predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought." *Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017).  "[T]he United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties."  28 U.S.C. § 566.[4]

---

[4] 28 U.S.C. § 566 preempts Washington procedure, which provides that writs of execution are carried out by the Sheriff.  *See* Fed. R. Civ. P. 69(a)(1) ("The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.").

ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) - 5

1    Washington law provides that a party in whose favor judgment has been rendered may

2    obtain execution "at any time within 10 years from entry of the judgment." Wash. Rev. Code §

3    6.17.020(1). The writ of execution must "intelligibly refer to the judgment, stating the court, the

4    county where the judgment was rendered, the names of the parties, the amount of the judgment if

5    it be for money, and the amount actually due thereon." Wash. Rev. Code § 6.17.110(1). Before

6    a writ of execution can be delivered, "the amount of the judgment, or damages and costs, and the

7    fees due to each person separately shall be entered in the docket and on the back of the

8    execution." Wash. Rev. Code § 6.17.110(2). If the writ of execution is against the property of

9    the judgment debtor, "it shall require the officer to satisfy the judgment out of the personal

10   property of the debtor unless an affidavit [meeting the requirements to satisfy the judgment

11   against real property] has been filed with the court[.]" Wash. Rev. Code § 6.17.110(3)(a). The

12   writ must "particularly describe the property and state its value and require the officer to deliver

13   possession of it to the party entitled thereto[.]" Wash. Rev. Code § 6.17.110(3)(c). If a writ

14   names "the tools, instruments, materials, and supplies used to carry on [an individual's] trade,"

15   Washington law provides for an exemption "not to exceed $15,000 in value"—meaning that at

16   most $15,000 worth of trade tools may be claimed as exempt from execution of the judgment.

17   Wash. Rev. Code § 6.15.010(3)(1)(e); *see also* Wash. Rev. Code § 6.17.130 (noting the

18   judgement debtor's right to exempt property).

19       2.  Analysis

20       The information included in the writ (Dkt. No. 48-1) comports with Washington law. *See*

21   Wash. Rev. Code. § 6.17.110(1). The writ states that no real property may be used to satisfy the

22   judgment; thus, no affidavit is required. *See* Wash. Rev. Code § 6.17.110(3)(a). "The necessary

23   predicate for application of Federal Rule 69 is a judgment in the federal district court in which

24

ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) - 6

execution is sought." *Corder v. Brown*, 25 F.3d 833, 838 (9th Cir. 1994). Here, Plaintiff seeks to enforce the Court's orders granting Plaintiff's motions for attorney fees and costs (Dkt. Nos. 35, 43); the first judgment order imposing compensatory payment of $75,000 (Dkt. No. 40); and the second judgment order imposing compensatory payment of $125,000 (*see Conclusion, infra*). Under Federal Rule 58(a)(3), "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion [] for attorney[] fees under Rule 54." *See also Corder* 25 F.3d at 838 ("[O]nce an award is determined, it becomes a judgment."). Accordingly, the Court's orders granting Plaintiff's motions for attorney fees and costs were recorded as judgments for the purposes of Rule 69 and Washington Revised Code § 6.17.110.

Plaintiff's motion for entry of writ of execution (Dkt. No. 48) is therefore GRANTED.

## IV    CONCLUSION

Plaintiff's motion (Dkt. No. 48) is GRANTED. The prior writ (Dkt. No. 47) is VACATED.

1. Defendant is ORDERED to pay $125,000 in per diem costs for continued violations of this Court's September 18, 2023 order (Dkt. No. 32).

2. The Clerk of the Court is directed to amend the judgment entered by the Court (Dkt. No. 40) as follows: Because Defendants remained in contempt of this Court's orders from March 2, 2024 to November 6, 2024, Defendants SHALL make a compensatory payment of $125,000—the $500 per diem fine for 250 days. The total sum owed is now $200,000: the $75,000 owed (Dkt. No. 39) and the $125,000 owed.

3. After the above judgment order is docketed, the Clerk is DIRECTED to issue the updated writ as proposed (Dkt. No. 48-1).

Dated this 14th day of February, 2025.



David G. Estudillo
United States District Judge

ORDER ON MOTION FOR CONTEMPT, UPDATED JUDGMENT, AND WRIT OF EXECUTION (DKT. NO. 48) - 8